UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL J. MIMS, | ) | CASE NO. 3:05 CV 7139 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| THOMAS J. STRICKRATH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

On April 1, 2005, plaintiff pro se Michael J. Mims filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Director of Youth Services Thomas J. Strickrath, Juvenile Corrections Officer Gregory Smith, Juvenile Corrections Officer William Carter, "O.M. Thomas Sanders," Juvenile Corrections Officer Andrew Bryson, Superintendent Norm Hills, and Training Officer Atha Sanders. In the complaint, plaintiff alleges he was physically assaulted by corrections officers. He seeks compensation for his injuries.

*Background*

Mr. Mims is incarcerated in the Marion Juvenile Correctional Facility. He indicates that on October 14, 2004, he and his cellmate were kicking on their cell door in an attempt to persuade the

youth facility staff to allow them to use the restroom. He claims his door opened and his cellmate ran out of the room. He observed Officer Smith and Officer Carter attempting to restrain his cellmate, and left the cell to use the restroom. Upon his return, O.M. Sanders allegedly ordered Officers Smith, Carter and Bryson to restrain Mr. Mims. Mr. Mims contends the officers pushed him against the wall, choked him until he lost consciousness and kicked him several times in the jaw. He was eventually taken to a different building. He alleges he was denied medical care for his injuries. Mr. Mims asserts that the officers used excessive force to restrain him.

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

There is no indication that Mr. Mims exhausted his administrative remedies with respect

to each claim against each defendant. He states without explanation that a "grievance was filed 10-20-04"and "appealed to the Chief Inspector 11-18-04." He indicates that the grievance and the appeal were denied. This general statement concerning exhaustion, however, is insufficient to satisfy the requirements of § 1997e. There is no indication of which claims were presented and which defendants were named in the grievance. Moreover, the United States Sixth Circuit Court of Appeals recently adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, all claims presented in the prisoner's complaint must be exhausted or the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. Because there is insufficient information to evidence complete exhaustion of administrative remedies, this case must be dismissed without prejudice. Mr. Mims is free to file a new action which demonstrates that he completed the grievance process for each claim he asserts against each defendant named in that complaint.

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

S/ JAMES G. CARR

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3

CHIEF JUDGE
UNITED STATES DISTRICT COURT